ABRAHAM MELVIN *v.* LUTHER BULLARD AMD LUTHER P. BULLARD.

*Evidence. Practice. Charge of the Court to the Jury.*

Upon the question of the amount of wool certain sheep would yield, and their value, evidence that the sheep compared favorably in those respects with the best flocks of sheep in the country, is too loose and vague to be admissible.

*Held,* not to be error for a judge in charging the jury, after instructing them correctly upon all the points presented by counsel, to add that it was the fairest and best way for the jury to consider and determine the case mainly upon the grounds which had been taken and discussed by the counsel in the argument.

ASSUMPSIT upon a promissory note. Plea, non-assumpsit and plea in offset, and trial by jury at the December Term, 1861, BARRET, J., presiding. The only controversy in the trial was under the plea in offset, and the questions at issue are sufficiently presented in the opinion of the court. Exceptions by the plaintiff.

*A. P. Hunton* and *Washburn & Marsh,* for the plaintiff.

*Couverse & French,* for the defendants.

PIERPOINT, J. The questions presented by the exceptions in this case, all arose upon the trial of the matters involved in the defendants' plea in offset. By that plea the defendants seek to recover damage which they claim to have sustained in consequence of the plaintiffs selling them a quantity of sheep, with a warranty that said sheep were pure, unmixed Spanish Merino sheep, and would produce a superior quality of wool, and that their fleeces would average seven pounds of wool each. On the issue found upon this plea any evidence tending to prove the truth of the warranty, or the actual value of the sheep sold, in case the warranty was false, would be admissible. And, as bearing upon the questions, the plaintiff offered the deposition of A. M. Clark, a part of which was rejected, and in this it is claimed, on the part of the plaintiff, there was error. That part

Melvin *v.* Bullard et al.

of the deposition that was excluded is as follows : "I have sold sheep which were inferior to those of Mr. Melvin for twenty dollars per head, within the last two years. I tried to purchase some of Mr. Melvin's sheep in the year 1853, and I have tried nearly every year since that time to purchase some of them, and I think I have offered him within the last two years from fifteen to twenty dollars for young ewes. My impression is that I offered him twenty dollars each, for fifty or more of his sheep in 1853, and may have offered him the same since." In determining whether this testimony has any bearing upon the issue, it becomes necessary to look at other parts of the deposition, to see what sheep the witness has reference to, and his means of knowledge as to the value of the sheep in question. The time when the witness saw the plaintiff's sheep in 1853 was about a year before the plaintiff sold to the defendants. He says he never saw the plaintiff's sheep after 1853 ; that he did not then see all the plaintiff's sheep ; that he was not acquainted with the sheep sold to the defendants, and did not know that he had seen the wool from the plaintiff's sheep after that time ; and there is no evidence in the case, either from the plaintiff himself, or from any other source, tending to show that the sheep the witness proposed to purchase, or any part of them, were the same sheep that the defendants bought, or that they constituted a part of the same flock, or that the witness ever saw any of the sheep in question, or the flock to which they belonged. Conceding, then, for the purposes of this question, that the fact that the witness made an offer for some of the plaintiff's sheep in 1853, is evidence tending to show the value of the sheep he proposed to buy, it is quite clear, under the circumstances of this case, that the fact that he made such an offer, or any evidence he might give of the value of the sheep he wanted to buy, is not admissible as having any tendency to prove the value of the sheep in question, which he did not see, and of which he had no knowledge. The value of the sheep the witness attempted to purchase, however well established, would give no aid to the jury, or furnish any criterion upon which they could act, in determining the value of the sheep the plaintiff sold to the defendant.

Again it is insisted that the county court erred in excluding parts of the depositions of Morse and Couch. The evidence excluded tends to show that the plaintiff's flock of sheep compares favorably with the best flocks of sheep in the country, in respect to the amount of wool it produces, according to the number of sheep. This evidence was offered as bearing upon the amount of wool that the sheep in question would produce, and as affecting their value. Such evidence we think is too loose and indefinite, to be admitted for such purpose. The fact that the plaintiff's flock " compares favorably " with other flocks in this respect does not go to show how much other flocks produce, or how much the plaintiff's flock produced, much less does it tend to show how much the sheep in question would produce. We think, therefore, there was no error in this.

But it is further insisted that the court erred in the manner in which they presented to the jury the point made by the counsel for the plaintiff in their second request. Upon the case, as it is presented, we are inclined to the opinion that the court would have been fully justified in refusing to charge as requested upon this point, on the ground that there was in fact no variance between the contract alleged in the plea, and the one proved, but however that may be, we think the charge is not obnoxious to the objection that is urged against it.

It is undoubtedly true that if the county court in charging the jury according to the request of a party in a point when such party is entitled to a charge according to such request, should charge the jury in such a manner, and accompanied with such remarks, as to neutralize and destroy the effect of the charge, so that although the charge in form is according to the request, and as it ought to be, it is in substance and effect a refusal so to charge, and a denial of the request, and not such as the party is entitled to, it would be error, and this court would for that reason reverse the judgment. In this case it appears that the question referred to, had not been alluded to in the course of the trial, or anything said to the jury or court on the point in the argument, the request having been passed up to the judge, while the argument was progressing, and the attention of the counsel on the other side was not called to it, so that in presenting the

point to the jury, the court would be aware that it would appear to them as a new point, started by the court, and of which the counsel on neither side had taken any notice. The judge therefore stated to the jury that although nothing had been said on the subject in the argument, yet the counsel had preferred a written request to the court to charge on the point, as they had a right to do, and it was the duty of the court to give the jury proper instructions in regard to it, which the judge proceeded to do, and to the charge in this respect no objection is made. But in connection with it, and in reference to the circumstances under which the question had been presented, the judge told the jury that as a general rule it was the "fairest and best way" for a jury to decide cases mainly upon the grounds taken and discussed by counsel in the argument. This, as a general proposition, is undoubtedly correct, and it was only as a general proposition that it was stated to the jury, and not as one by which they should be governed in this case, for they were expressly told to pass upon the question, and that if they found the facts to be as claimed by the plaintiff, then there would be such a variance between the defendant's plea and his proof as would be fatal. The object of the judge in stating the proposition to the jury seems to have been to prevent them from understanding from the course taken in this case, that it was proper for jurymen to start questions among themselves in the jury room, and decide cases thereon, that had not been alluded to in the course of the trial, a thing that any practitioner knows is frequently done, and that when it is done, the point so raised is almost invariably one that has nothing to do with the case.

Judgment affirmed.